# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONS HOLDING COMPANY, INC. and TEXAS NATIONS TITLE AGENCY, INC., | **)** | |
| | **)** | |
| Plaintiffs, | **)** | **CIVIL ACTION** |
| | **)** | |
| v. | **)** | No. 09-2227-MLB |
| | **)** | |
| GREAT AMERICAN E & S INSURANCE COMPANY, INC., | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

### MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss. (Doc. 10). The motion is fully briefed and ripe for decision. (Docs. 11, 12). Defendant's motion is denied for the reasons herein.

## I.    Facts

Defendant is an insurance company which provided plaintiffs with a Professional Liability Insurance policy in exchange for the sum of $240,000. On January 4, 2007, a lawsuit was initiated against Texas Nations and "others" in Dallas County, Texas. On January 24, Texas Nations notified defendant and requested that it provide Texas Nations with a defense. On April 23, defendant refused to defend Texas Nations in the underlying suit. Plaintiffs filed this action for injunctive and declaratory relief and breach of contract. Plaintiffs seek a declaration that defendant is obligated to provide plaintiffs with a full defense in the Texas lawsuit and damages for the breach of contract.

Defendant moves to dismiss on the basis plaintiffs' complaint

fails to state a claim.

## II.    Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration.  Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. Analysis

Defendant asserts that there are four reasons plaintiffs' complaint fails as a matter of law.  The court will address each in turn.  First, defendant states that Nations Holding has not alleged that it is being sued in the underlying suit.  In their response, plaintiffs have asserted that both plaintiffs are being sued. Plaintiffs must amend their complaint by February 16, 2010, to resolve this issue.  McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim[.]").

Second, defendant argues that the complaint must be dismissed because plaintiffs have failed to attach the contract to the complaint. Defendant cites McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008), for the proposition that this is required. That case, however, does not support defendant's position. See id. ("For example, where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000, to the notice of removal. Or it might introduce evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.")(internal citations omitted)(emphasis supplied). Notably, that case was discussing what a defendant might attach in a motion to dismiss when a plaintiff brought a lawsuit for breach of contract but did not attach the contract to the complaint. The court is not aware of any authority which requires a plaintiff to attach a contract to his complaint in an action for breach of contract, although doing so would seem to be a good practice.

Third, defendant contends that the complaint must be dismissed because the facts do not establish that defendant has a duty to indemnify plaintiffs. However, plaintiffs are clearly only seeking a declaration that defendant must defend the suit and are not asking for declaratory relief for indemnity.

Finally, defendant asserts that plaintiffs have not established that the cost of the defense of the underlying suit is in excess of the self-insured retention of $50,000. Plaintiffs respond that they have adequately pled that the amount in controversy is greater than

-3-

$75,000, and therefore it is clear that the amount of the defense is greater than the self-insured retention. Defendant's arguments on this issue are premature. Whether or not plaintiffs can establish that defendant must defend them in the underlying suit is an issue based on the facts and is not one for a motion to dismiss.

The court finds that plaintiffs have satisfied their burden under Rule 8. Clearly, based on defendant's motion and reply, defendant knows the details of the contract it has with plaintiffs and is also aware of the underlying suit.

**IV. Conclusion**

Defendant's motion to dismiss is denied. (Doc. 10). Plaintiffs must amend their complaint by February 16, 2010, to clarify the named defendants in the underlying suit.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___3rd___ day of February 2010, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE

-4-